IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SENAJID OMEROVIC, | |
| Plaintiff, | 4:25CV3142 |
| vs. | |
| AMAZON.COM SERVICES LLC, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Senajid Omerovic, a non-prisoner, has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's pro se Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF THE COMPLAINT

Plaintiff filed his Complaint in this matter on July 7, 2025, against his former employer, Amazon.com Services LLC ("Defendant"). Filing No. 1. Plaintiff alleges employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117, 42 U.S.C. § 12182; and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125. Filing No. 1 at 3.

Plaintiff was employed by the Defendant at the Amazon Fulfillment Center: OMA 2. Filing No. 1 at 3. Plaintiff alleges that he was subject to discriminatory conduct from Defendant, including termination of employment, failure to accommodate their disability, unequal terms and conditions of their employment, and retaliation for filing an internal

1

discriminatory complaint.  *Id.* at 4.  Plaintiff alleges that Defendant's discriminatory acts occurred on September 25, 2023.  *Id.*  And Plaintiff alleges that Defendant discriminated against him based on his religion, national origin, and disability.  *Id.*  Plaintiff does not allege any facts in support of his claims in the space provided in his form Complaint for Employment Discrimination.  *See* Filing No. 1 at 4–5.  However, Plaintiff attached to his Complaint documentation including a detailed statement (Filing No. 1 at 7–8); a Qualifying Separation Determination from the Nebraska Department of Labor for unemployment benefits (Filing No. 1 at 9); a termination letter from the Defendant (Filing No. 1 at 10); and contact information for individuals at Amazon (Filing No. 1 at 11–12), from which the Court takes the following facts.

Plaintiff was hired by Defendant in a stower position.  Filing No. 1 at 7.  Plaintiff worked 12-hour shifts, Thursday to Saturday, from 6:00 p.m. to 6:30 a.m.  *Id.*  Plaintiff states that he "had been approved by Amazon's HR for four excused absences per month, including partial shift coverage, based on paperwork submitted by Dr. Hartman, my neurologist at Nebraska Medicine."  *Id.*  On one occasion, he had just taken a migraine medication and needed five hours off.  *Id.*  He informed HR and was told it was fine and that they would adjust his time.  *Id.*  Later, Plaintiff met with a senior HR rep, who said, "You scanned into the smokers cage 17 times."  *Id.*  Plaintiff states that even if true, this was during his approved five hours off due to his medication.  *Id.*

Plaintiff states that he requested accommodations in line with Amazon's policy.  Filing No. 1 at 7.  He also states that he filed an internal discrimination complaint with HR.  *Id.* at 8.  Plaintiff states that after Defendant terminated him, he fell into a crisis.  *Id.*  Additionally, when the Equal Employment Opportunity Commission ("EEOC") later sent a

Right to Sue letter, he didn't know about fee waivers and thought he had to pay money to file in federal court.  *Id.*

Based on these allegations, Plaintiff seeks "back pay, front pay, emotional and psychological harm, compensatory damages, damage to my reputation and job prospects, punitive damages for Americans with Disabilities Act violation, any additional relief deemed appropriate under both federal and local state laws." Filing No. 1 at 5.

Plaintiff alleges that he initially filed a charge with the Nebraska Equal Opportunity Commission ("NEOC") and was later informed that the charge was dually filed with the EEOC. Filing No. 1 at 5.  Plaintiff did not state the date that he filed the charge.  *Id.* Plaintiff alleges that he received a Notice of Right to Sue letter from the EEOC on October 22, 2024, but did not attach a copy of the letter to the Complaint.  *Id.*

## II.    STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

3

dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Title VII, the ADA, and the NFEPA require a plaintiff to exhaust their administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on their charge. 42 U.S.C. § 2000e-5(f)(1) (Title VII); Neb. Rev. Stat. § 48-1120.01 (NFEPA); *see also Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019) (describing procedure). The civil complaint may only encompass issues that are like or reasonably related to the substance of the charges timely brought before the

4

EEOC/NEOC. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

Here, Plaintiff alleges he received a copy of his right-to-sue notice from the EEOC on October 22, 2024, but he did not attach a copy of the Notice of Right to Sue letter to his Complaint despite the instructions to do so contained within the form complaint Plaintiff utilized. Filing No. 1 at 5. Plaintiff filed the Complaint in this Court on July 7, 2025, which is 258 days after Plaintiff received the right-to-sue notice. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589–90 (8th Cir. 2003) (district court did not err in concluding that ADEA complaint mailed one day prior to expiration of 90-day period for filing suit and received five days beyond the 90-day period was untimely filed). Plaintiff does not contend that any equitable or exceptional circumstances exist that warrant tolling of the 90-day period. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–96 (1982) (a claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances).

On the Court's own motion, Plaintiff will be given 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue notice from the EEOC. Plaintiff is directed to file a copy of his right-to-sue notice from the EEOC with his response to this order. If Plaintiff fails to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue

notice from the EEOC. Plaintiff is directed to file a copy of any right-to-sue notice received from the EEOC with his response. If Plaintiff fails to respond to this Memorandum and Order and show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **April 29, 2026**: Deadline for Plaintiff to show cause and file right-to-sue notice.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

Dated this 30th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6